Whenever you're ready. Thank you. May it please the court. Mr. Phea seeks relief from a conviction for 18 U.S.C. section 1591 based on the ineffective assistance rendered by trial and appellate counsel for failing to object to an obvious constructive amendment of count one of the superseding indictment. There are two ways in which he must prove the Strickland standard. Deficient performance by counsel and prejudice as a result. He can prove the Strickland standard for each attorney but logically it makes sense to focus on the trial attorney because that's where the error originates. As for whether or not trial counsel's performance was deficient, we can look to the plain face of the statute, the very well established law of constructive amendment at the time of trial and counsel's own explanation for his failure to object. At the time of trial, the principle prohibiting a constructive amendment was so clearly established that this court had already long held that a failure to object was deficient performance. We have counsel's own explanation for why he didn't object. That's in page 332 and 33 of the record. His explanation is simply that the jury instructions tracked the statute. Well ignorance on a fundamental point of law is no strategy at all and that's what this statement represents. Ultimately his reasons are irrelevant, aren't they, if we're looking at a reasonable attorney standard, looking at an objective, looking at this from an objective standard. Correct. I think it further illustrates, though, that he, you know, at that time he's responding to Mr. Fee's 2255 petition and he has every incentive to explain what research he conducted and he doesn't even identify that there's a constructive amendment. He simply says the jury instruction on the separate subsection, which Mr. Fee was not indicted on, basically tracked the statute. That's not what the law of constructive amendment says. It's part of it. Usually an instruction that's added will track the law. The problem is that Mr. Fee was not indicted under 1591C. The government chose to indict only that he knew that he had knowledge that KR was a minor. And so the deviation between the indictment and the instructions is so obvious that it does fall below prevailing performance norms of counsel. It's an oddly written statute. It is. And the further oddity here is by this all coming to us post-conviction, we have the benefit of our court's direct appeal affirmance of the conviction. So to turn those two observations into questions, does the direct appeal decision and its conclusion that the law was unsettled prevent a finding of Strickland ineffectiveness? No, it does not. And does the fact that the statute confounded everybody for a while, everybody meaning the government keeps charging the first and running into constructive amendment problems, does that create any impediment to saying, well, why are we going to blame the lawyer if nobody else could figure it out? Those are two questions. Two questions. I believe the answer for both is no. There's no prevention to relief. I'll start with the statute. 1591 always required knowledge of a minor, knowledge that the victim was a minor. When Congress amended it, it didn't delete knowledge. It simply added two other ways of proving that fact, reckless disregard or a separate statutory section, which is only a reasonable observation. So even based on the law of 1591 at the time, there's case law out there that reflects knowledge has always been an essential element. It's just that when it was amended, more options were put in the government's tool bag. What did we mean, because it's law of the case, that it is unsettled, that 1591C was an unsettled issue? I believe what the Court is referring to is where in the direct holding there's mention that in any case, the jury instruction would have been a plain error. What the Court's addressing is a separate question. What was raised on direct appeal was essentially a due process claim, a question about whether or not 1591C was a freestanding way to prove the statute. Strict liability. Correct. And incidentally, Mr. Kretzer, the appellate attorney, simply restated the losing argument in Robinson, which had been decided and counsel relied on in his opening brief. Robinson states the very plain face of that statute creates three separate ways of committing the crime. Your position on that first question, then, is right or wrong or muddled? It really doesn't matter. The issue is, has the government broadened its theory of prosecution beyond what the grand jury returned and beyond what your client came prepared to defend? Correct. And the Court has never required a very clear holding in order to evaluate performance standards. What about the Garza decision? Because the district court relies on it, the government cites it, but you haven't yet responded to it. I do address it in my reply brief. Garza is unpublished and provides little to no explanation or analysis. I don't — it is not a persuasive case to rely on. I cite Juarez, which is a case in which the Court's addressing ineffective assistance of counsel. The issue turned on an interpretation of a statute which was first impression. The Court says we don't need a direct holding on that in order to find deficient performance because of all of the available resources at the time which would have made the claim at issue plausible. And so, looking at this case, all of the available research, including a basic reading of the statute, made constructive amendment extremely plausible. There's — all bells and whistles should have been going off the moment the government announced expressly, we're abandoning our theory that he had to know K.R. was a minor. That should have set off every bell and whistle. And in fact, there is — on the record at 1081, 1082, after Mr. Fee was sentenced, had already exercised his right to appeal, there was an untimely motion for a new trial. And new counsel was appointed to pinch hit, essentially, for that hearing. And on those two pages, you've got this new trial counsel who's coming in just for the purpose of this hearing, and he says, you know, the meatier issue here is the fact there's this discrepancy between the indictment and the jury charge. And I completely disagree with the government that they can just change the indictment by choice. So we've got evidence that another attorney is obviously able to understand basic fundamental principles of law and apply them to the facts of the particular case. I have not directly answered your question yet about whether or not the holding on the direct appeal prevents relief. It does not prevent relief. This Court does not hold that there was sufficient evidence that he knew K.R. was a minor. And the standard for prejudice under Strickland is whether there's a reasonable probability that but for the error, a jury could have found reasonable doubt as to guilt if they had been instructed on only knowledge. But if your circuit has said, oh, yes, constructive amendment, but not plain error, and aren't they mostly looking at the evidence that was submitted and saying, no miscarriage of justice? I missed the first part of that question. Two circuits at least have said, yes, there's a constructive amendment here, but we're going to affirm the conviction, no plain error. The footnote in Lockhart and Fulton, which was a 28J, the very primary difference is that the defendants in Lockhart and Fulton were indicted for knowing or recklessly disregarding. So those courts, when they affirm, are affirming on evidence as to the count with it was charged and he came prepared to defend? Is that your argument? Correct. Those other courts have the benefit of a lower standard for knowledge to apply the facts of the case to. And we don't have a record that prevents prejudice in this case. The government had no incentive to put on evidence of knowledge because its whole position is it doesn't matter. We just have to prove reasonable. I'm not good with hypotheticals, but I'll try one. Let's say the underlying crime required death be proven. But then Congress said in a subsection, if there's evidence that the victim hasn't been seen for seven years, you may presume death. Government charges just death. Then government in jury charge conference says, your honor, we'd love the benefit of that evidentiary presumption. Can you tell the jury that's another way to find it? No objection. Do we have a constructive amendment and Strickland ineffectiveness? If this is in fact some odd little evidentiary presumption rather than a different theory of liability? I think it does because there are multiple ways to prove constructive amendment. And one is if the government changes its theory to convict on a broader basis. Even a broader factual basis. Correct. And we have that here. I mean, in 1591, there's a factual scenario that's very possible that someone knew someone was a minor without ever being in the same room to observe them. So it makes sense why Congress decided to give the government so many tools in its for bringing a charge. In this case, the government chose knowledge. And it needed to be held to that standard absent an amendment by a grand jury. It can't just say, forget that. We're going to go this easier route. That's the case the government presented. That's what they argued. They even argued a closing argument the second time around, record site 982. They started out one of their closing arguments by saying the minor lied about her age. That was the evidence throughout trial, is that she regularly lied, misrepresenting that she was age of majority. And so when we look at the Strickland standard, it is absolutely reasonably probable that the jury would have found reasonable doubt that Mr. Fee knew she was a minor. They might have found reasonable doubt that she knew. But it's almost incontrovertible if your client admitted to having sex with the young lady that she did reasonably observe her. So is there any way to say here there couldn't be prejudice? Because as to a valid theory of guilt, it was undisputed. What this court makes clear in its direct opinion is that there was no evidence on the record of what she looked like. We don't know what she looked like. She has- Would that even be an allowable way for us to say no prejudice? No. Is the prejudice inherent in he wasn't charged and knew about? Yes. Yes. In fact, when the court discusses the jury's ability to look at the minor, it's under a reckless disregard standard, not knowledge. There's no finding by this court that there was sufficient evidence that he knew. So when the court has the ability to look at the Strickland standard alone, and on that standard, there is a reasonable probability that the jury would not have convicted him of 1591A. There aren't that many Strickland ineffectivenesses as to constructive amendments out there. What's your best one? Are we going way back to Recaldi? Is that how you pronounce it? I actually think Gray v. Lynn, which is a Fifth Circuit case cited in our briefing, is the best. It's the Strickland standard on ineffective assistance of counsel for failing to convict on a constructive amendment. What about Doucette? Do you draw any support from Doucette? Doucette is a great example because it was decided in 1993, very clearly outlining the different standards for how a person can identify and analyze a constructive amendment claim. And then, as I mentioned, Juarez is also a very persuasive case because it clarifies that there doesn't need to be a clear holding on point in order for the court to evaluate deficient performance and prejudice. I can give back the remainder of my time. Good morning. May it please the Court, Mara Blatt for the United States' appellee in this matter. Your Honor, Fee is not entitled to 2255 relief in this case because he cannot demonstrate that his counsel, either trial or appellate, was ineffective, or that he can demonstrate prejudice as defined by Strickland. I first want to address trial counsel's performance and why he can't meet that standard. Clearly, Strickland is set. It says you have to view what trial counsel was thinking at the time and what he was seeing at the time of the facts of the case and at the state of the law at that time. This is a central tenet of 2255 law that Fee refuses to accept. No, I think she does accept it. She says the trial prosecutor charged a high scienter standard that the defendant had to know the woman that he's alleged to have prostituted was under 18. The government chose that factual theory. Then, right on the paper in the jury charge, the government says, court, we'd like to abandon that. We don't need to do it. And then in the new trial hearing, the government says, yeah, it really helped us because it made their whole argument about her lies about her age of no moment. So that's just a classic constructive amendment. You have a tough theory you charge. You hear all the trial evidence. It's closed. They defended all on the theory of she looked old. She told me I'm old. She told the police I'm old. Her website says she's old. That's his entire defense. But then the government says that's a little difficult. We now see subsection B and we didn't have to charge knowing and prove it. And their whole defense didn't matter, ladies and gentlemen of the jury, because we want to substitute a different theory that he saw her, and that's all we have to prove. How is that anything other than the most obvious constructive amendment? Because what the — because that was what the government argued to the court. But the court accepted it. No. I put before the court so that you could — I think that this little handout helps demonstrate what the — what counsel was looking at at the time. And the indictment went to the jury exactly the way it was. The court did not eliminate the knowing about the age requirement that he had asked the court to do. The indictment read, knowing that Jane Doe had not attained the age of 18 years, and that was read to the jury. Don't you think that's confusing? The indictment says this one thing, and then the jury instruction says something else. No, because the — that was also how the — how it went to the charge. And the knowing instruction — Wait. I'm very confused. The government — you're saying when the district court says, here's the indictment, that's just the government's accusation, that somehow the government's accusation trumped what the district court said the law was? The jury somehow knew that the government's accusation would trump what the judge is telling the jury the law is? Well, the instruction itself, though — I mean, aside from what the indictment was read, the instruction itself also included instructions about knowing with regard to the recruitment part and knowing that — I'm sorry. Let me take that back. Let me go back for a second. The instruction included the knowledge of the age of the juvenile. That instruction said that if the defendant — if the government proves beyond a reasonable doubt, so the burden of proof hasn't been changed here, that the defendant had a reasonable opportunity to observe the person, then the government does not have to prove that the defendant knew that the person had not attained the age of 18 years. When you look at that instruction — and it is a confusing statute, but when you look at that instruction in relation to what he was charged and the fact that the jury was also charged with regard to knowing this and what that meant, and the fact that Fee's own counsel argued to the jury the government hasn't proved that he actually knew. But the government kept arguing in closing, we don't need to. And after — in the new trial hearing, the government said, boy, that helped us. Well, it may very well have helped the government, but I think at the time, there was no law that indicated what the purpose of 1590C — 1591C was in relation to this entire charge. And in some senses, that's still not been resolved. There are some courts that say it was strict liability. There are some courts that say you can — Breyer. Which circuit still says strict liability? I think Robinson says it's strict liability, but — Second Circuit.  So it's not — I'm unaware of any circuit currently saying that this wouldn't be constructive amendment. Regardless, our court has said it clearly in Lockhart. I think that's very clear now, but there was absolutely nothing at that time to indicate to counsel that that might have been the case. Well, even if subsection 3C is a squirrelly either evidence or alternate legal theory, that doesn't matter for constructive amendment, does it? You could even have a valid legal theory, alternate. The government can't jump to it because it's having problems with its charge. Do you agree? Well, yes. I mean, yes, theoretically on the basis of constructive amendment, I agree with that. But the point is here that we are — we're past — we're past that. The fact that defendant is arguing that they don't need any law at all, that you just had to look at this on its face, I don't think it's clear on its face at all in what the relationship is. But it doesn't matter whether it's clear on the face with the relationship. All that matters, I think, is do you charge one factual method of proving scienter, and you chose to charge that this defendant knew she was younger than 18? And then do you convince the district court to say to the jury, you don't need to find that he knew? It just sounds like you've broadened the indictment. You may have taken on more. Subsection C may have been available, but you didn't charge it. How could you? It wasn't even clear at the time that you could charge that as a separate cause of action. And in — That doesn't mean you can switch to it when you're having problems. I mean, in my correct case in trial — Well, I don't think it's switching. It's not — I'm saying that it's not even clear that that was a switch. But I thought the government used the word substitute. We want a substitute. That — no, that was — I think that word substitute was used in relation to taking the word knowing out of the indictment, because the indictment read Jane Doe knowing that Jane Doe had not attained — And the government says we want to abandon that. Yeah. It says it to the court, but the court doesn't let them take the knowing. Your argument to defend this is based on the conclusion that the jury still had to find knowingness. It certainly still had to consider it, absolutely. And — and the Fee Court itself — let me just read it. The Fee Court itself said because the jury saw — now, they're talking about the evidence, but it says because the jury saw and heard K.R. at trial and was in the best position to determine whether Fee knew — knew actual knowledge or acted in reckless disregard, which, of course, that's a whole other dimension to this that makes it a little bit more difficult, but — because they rejected the — the reckless disregard as referring to age. But it says, knew or acted in reckless disregard of the fact that K.R. was less than a third of the conviction. I think the Court there is saying it could have happened either way. It could have happened that — I mean, that the evidence supported an actual knowledge theory, and it also supported a reckless disregard, and then in another part of the opinion, they say there is also evidence that would support a finding that Fee had a reasonable opportunity to observe K.R. never says what's crucial to escape the situation the government's in now, which is there was evidence of knowledge that she's under 18. It says there was evidence of reckless disregard, not charged by the government. There's evidence of reasonable observation observed, not charged. You would have a strong position if they added, and there was — But I'm saying that language right there at page 260 says that. It says — Says there was evidence. Yeah. It says because the jury was in the position to determine whether Fee knew — knew or acted in reckless disregard of the fact that K.R. was less than 18 years old, there is sufficient evidence to support the conviction. So I think the jury did get to — did get to consider that theory. That theory was — Yeah. Considered. Right. But the government's telling the jury throughout its closing, you don't need to find knowledge. You don't need to consider that. You just have to decide whether he observed the woman. Actually, I think it's a little bit more nuanced than that, because the court — because the government says, you know, if you find — if you find — and that's actually what the — the instruction itself says. If you find that we haven't proven actual knowledge beyond a reasonable doubt, don't worry about it, because you can still go to the proof under a reasonable opportunity theory. I don't think it is obvious, and I think their reliance on Juarez is — is not correct. Juarez was easily distinguished by the facts of it — of that case, because there, the — the trial counsel actually admitted he had not — he had no knowledge whatsoever that there was even such a thing as the law of derivative citizenship. He admitted that he had made a mistake in allowing the guilty plea, and he said if I had known — if I had actually known what the law was, he would have moved to withdraw the plea. That is not the circumstances here. But if you were looking at the affidavit, it's even more baffling here. The trial counsel said, well, this was a good law. It's an alternate valid law. Subsection C works, too. But that's clearly a constructive amendment violation. If you just think, oh, well, the government would have been able to charge a different theory, right, that can't get you out of Strickland liability. Well, I think that — I'm sorry. Are we talking about trial counsel? Only trial counsel. Okay. You were trying to say, oh, well, the fellow in Juarez was even more confused. And my observation — He wasn't confused. He was just ignorant. Okay. But my observation is this — this fellow's affidavit is far worse. He seems to think there wouldn't be a constructive amendment as long as the government does somewhere can find a valid legal theory. They can jump to it. But again, I don't think that that's the situation that was actually presented to him at the time. Yeah. You may — that's jumping back to your earlier argument. But if we're looking at this counsel, you agree that would — his affidavit answer to Strickland makes no sense. I think it may very well make sense when you actually look at what he saw at the time that he was looking at the — the instruction and the indictment and the way that the Court charged the case. I think there was still the possibility, and he himself argued to the jury, that the government hadn't proved actual knowledge as well. So I — and the construction — and the — sorry, the knowledge of the age of the juvenile instruction is premised on an if, if the government hasn't proven beyond a reasonable doubt actual knowledge. So I don't know — I really don't think that it was clear, and certainly the fact that there was literally no law on this point. And if counsel wants to say that Garza doesn't apply because it was an unpublished decision, the only thing that was even out there, and I'm not even sure it was out, so to speak, but it was a magistrate's opinion from the Wilson court, which is, I think, in the Sixth Circuit. And in that case, you know, the court didn't find that it was a strict liability theory. I mean, the point — I guess the point — They're saying — they're not saying there's nothing out there. They're saying there's everything out there. Doucette, for example, government charges assembled machine gun as what they have to prove. Then they get to the jury charge conference, all the evidence is in, and they're thinking, oh, boy, this is going to be hard for the jury to accept. The law allows us to get them on the same crime if we just show parts to a machine gun. Court, instruct them that that's equivalent to machine gun. That seems exactly analogous to here. Government chose to take a higher scienter proof, charges that he knew she was under 18, gets to the jury conference, thinks, oh, boy, thank goodness this statute gives us an alternative. He definitely observed her, and they choose that. The court gives that. And your answer to us is a defense attorney doesn't need to object to that switching horse in the middle of the river because what? Give it as clearly as possible. This lawyer didn't need to object because — finish the sentence and give me a supporting authority. This — this lawyer didn't need to object because the Strickland standard is the standard of a reasonable attorney, and there was nothing to trigger anything at that point that would tell him this is — this is a cause of — this is a separate cause of action. This is something that it's — I'm sorry. That's all right. I just think you're — you know, if you're defense counsel, you're there, and the government had to prove knowing under 18, and your whole trial defense has been this lady lied, lied, lied to everyone about it. So it's reasonable for my client not to have known it. And then you suddenly hear the jury's going to be told you can convict not because the defendant knew, instead because the defendant slept with her, and he had. How does any lawyer not say that's not what I got ready to defend against? Well, I think the whole point is that all of that evidence, all of that evidence, is what the jury got to weigh. And ultimately, Fee says all of that was sufficient. And Fee says it was sufficient to even support the actual knowledge. Okay. If Fee did say that, if defense counsel said you've got enough evidence to support actual knowledge, my guess is you're going to win. We'll hear from opposing counsel if Fee conceded in closing argument to the jury that there was enough evidence to convict him on the charge theory. You're saying Fee said that? No. I'm sorry. Not — I'm sorry. Not Fee as the defendant. Fee as the court. Fee on direct appeal. Oh. Our court has already decided that.  That's what I'm — I'm sorry. And that's the language — That would be significant. I don't — That's the language that I read to you that's at 260 in Fee. That's — I'm sorry. I wasn't being clear. And I wanted to also make clear that the government is not claiming that the law has to be rock solid in order for something to trigger in the mind of the defendant. And again, I think their reliance on Juarez here is completely misplaced, solely based on the facts of Juarez and the fact that there — I mean, the — the attorney admitted his complete ignorance of — of what he was doing. What about their reliance on Recall Day, 1984? They cited, I don't think I saw it in your brief. I can't — I'm sorry.  That's all right. In any event, you know, it doesn't — the government is not under the burden here on 2255 relief to show that the objection could never have been made. The objection could have been made. But I think at this point, we only — the fact is, is that had he made the objection, I think it would have been a guess. And a guess is not required what — is not what Strickland requires. You know, a guess would have made him the sharpest pencil in the box, but Strickland doesn't require you to be the sharpest pencil in the box. It just requires that you act reasonably in terms of what the state of the law and the facts were at the time that you were analyzing the case. Let me ask a quick question about the 28J letter you all submitted as to Fulton. Opposing counsel has distinguished that. Do you take issue with how that case is distinguished, was distinguished here today? Well, that raises another issue. And the issue is this, that we are not contending that — I'm sorry. Let me — let me just go back a second to Gray, because that's the case that they cite. We're not saying that it's plain error that rules here. We're saying that it's the fact that the Court got to do the sufficiency analysis and that ultimately that sufficiency analysis prevents a finding that there was actual prejudice. That's why Lockhart and Fulton and Buhu Cho were also important cases, and that's why we rely on them. Because they say if you're — this is now speaking more to the appellate side of the ineffectiveness, but nevertheless, they say if you — if you are on plain error on a constructive amendment theory, we're going to look at the sufficiency of the evidence, and we have the fee court saying that the evidence was sufficient. I think that is binding on this Court in relation to that finding. I think that precludes prejudice. However, let me address Gray, which is what they cite. Gray isn't even about constructive amendments. Gray was about jury error, and it was about the failure to object to a jury instruction in the context of a 2255 — may I finish? Yes, of course. A 2255 petition seeking reversal of a State murder conviction where there was well-established law about what the elements of that cause of action were and where the State conceded that there had been error in the case. Maybe now, now, 1951 and how it functions and how C functions in relation to A, maybe that's, you know, better known now. But at the time, that was a complete unknown, and for those reasons, the government contends that there was — that B cannot meet the Strickland standard and that the district court's refusal to grant 2255 relief should be affirmed. Thank you. A few quick points, starting with Gray. There is a deviation there between the jury instruction and the indictment. And the other reason it's a helpful case is because it reminds the Court that, in fact, jurors are presumed to follow the instructions they're given. They were given the instruction on 1591C, which, of course, was not in the indictment, and we have the prosecutor regularly arguing to them, disregard her lies, disregard knowledge. You don't have to prove that. You only have to prove the instruction that tracks 1591C. As for the Court's holding on direct appeal, opposing counsel's relying on a summary — what I would call a summary paragraph at the end of 260, and I would like to point the Court's attention to the beginning of page 60, where it very clearly says, we conclude that there is evidence from which a rational trier of fact could have found beyond a reasonable doubt that Fee caused K.R. to engage in a commercial sex act in reckless disregard of the fact that she had not attained the age of 18. There's also evidence to support finding that Fee had a reasonable opportunity to observe. There's no conclusion regarding knowledge. As for Juarez, I think it is instructive because it clarifies that there doesn't need to be a direct holding on the interpretation of a law. And another case that would be excellent to look at is also cited in our briefing. It's Carthorne from the Fourth Circuit, which very clearly distinguishes the plain error standard and what's required for plainness versus what a court looks at under Strickland, which is a broader view of all the law available at the time of counsel's deficient performance. I have a mixed Strickland remedy question. The government proposed this strict liability at the time, observation theory, a week before the court was going to instruct the jury. Is it possible defense attorney thought I've got a strategic opportunity not to object? Because if I object at this point, the government will dismiss, supersede. There's no way I can win on observation. I slept with the girl. Therefore, the government, the defense attorney strategically lets it stay confused to the jury. He still argues, as the indictment said, you had to prove knowledge. Then we get up through direct appeal all the way to post-conviction. And here's my remedy half to the question. If you prevail on 1591C, can the government re-indict on the observation theory? Or would it have to only re-indict on the knowledge theory? And regardless, are they out of time to do either one? I'll answer the first question first, which is if there was any strategy, counsel had every incentive to express that in response to the 2255 petition. And it's never been argued by the government? No. Okay. So go ahead on the remedy issue. What happens now if you win as to 1591, that conviction? Count one needs to be vacated. He was convicted on a second count. He's over-served that sentence at this point. I, I'm not fully sure. I'm aware of cases that give a period of time for the government to consider about re-indictment. But I have not, I'm not up to speed on what the caveats of those would be. Yeah. The two that would come to mind would be, are they stuck with the original theory or not? And the other would be, regardless, it may be academic because too much time's passed and they can't, but there may be that lag time. I thought that was in the law. Anyway, keep going. You have a minute left. Ricaldi was not cited by the government because they did not address constructive amendment law at all in their response. Is Ricaldi helpful? Is it valuable? It is because it very clearly establishes that failure to object to a constructive amendment is deficient performance. And as for Fulton, the sufficiency analysis there doesn't trump the Strickland finding if the error infuses into the case a standard the client was never indicted on, my client was never indicted on. So the, the prejudice standard is very clear. If... Rewinding about 30 seconds. We do know or we don't know whether too much time has passed? I don't know. I don't know the answer to that. The conviction came down in 2012 and he's been incarcerated since then. I would have to research that answer. Would you mind? I will. All right. Thank you. Thank you both. May I ask a quick question? Is there a time frame the court would like? I'll defer to my esteemed presiding judge. A week? Why don't you file a simultaneous 28J limited just to the question asked as to not a broad, well, whatever Judge Willett wants, but I would think he specifically asked has the time expired? It's just statute of limitations regardless. Is that, is that fair to say? Yeah, I was just piggybacking on your earlier question. But I, I sometimes ask compound questions. And so there are, there is constructive amendment law about do you get more time? But you were asking whether, whether if defense counsel prevails, is it all sort of academic at this point? Or does the government have an opportunity to come back and pursue on that count? Whatever. Why don't you be creative and give us your answers to if defense prevails 1591, we're just, we want to be edified. Obviously, if you deserve, yeah, if you deserve to prevail, you prevail and you both will do what you have to do afterwards, time or not. Okay. Thank you, Michael. No other questions. Thank you. Thank you both. That ends our case. Am I right? These are okay. The court stands in advance.